**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alejandro DUENAS–JIMENEZ, Defendant–Appellant.**

No. 05–10798.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-

Samuel Ali Washington, Office of the U.S. Attorney, Evo A. Deconcini, Tucson, AZ, for Plaintiff–Appellee.

Peter Anastasius Matiatos, Tucson, AZ, for Defendant–Appellant.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM **

Alejandro Duenas–Jimenez appeals from the 51–month sentence imposed following his guilty-plea conviction for possession with intent to distribute methamphetamine, possession with intent to distribute marijuana, importation of methamphetamine, and importation of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(D), 952(a), 960(a)(1), 960(b)(1)(H), and 960(b)(4). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Duenas–Jimenez contends that the district court clearly erred by applying a 2–level downward adjustment for being a minor participant pursuant to U.S.S.G. § 3B1.2(b), rather than a 4–level downward adjustment for being a minimal participant pursuant to U.S.S.G. § 3B1.2(a).

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

We disagree. The record reflects that Duenas–Jimenez imported a substantial amount of drugs and received an economic benefit. *See United States v. Davis*, 36 F.3d 1424, 1436–37 (9th Cir.1994); *United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991) ("possession of a substantial amount of narcotics" is grounds for refusing to grant either a minor or minimal participant adjustment).

Duenas–Jimenez also contends that the sentence imposed by the district court was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and that the court erred in failing to exercise its discretion as to a downward departure based upon Duenas–Jimenez's lack of knowledge regarding the purity and type of drugs that he was transporting. However, the record reflects that the district court considered Duenas–Jimenez's contentions regarding his lack of knowledge, his lack of criminal history, and other factors pursuant to 18 U.S.C. § 3553(a). We conclude that the sentence imposed by the district court was reasonable. *See United States v. Marcial–Santiago*, 447 F.3d 715, 719 (9th Cir.) (affirming where "[t]he district court gave thoughtful attention to factors recognized in § 3553(a) and exercised sound discretion to ensure that the punishment fit the crime and the circumstances of the appellants"), *cert. denied*, —— U.S. ——, 127 S.Ct. 309, 166 L.Ed.2d 232 (2006).

**AFFIRMED.**